**SO ORDERED.**

**SIGNED this 23 day of September, 2013.**

*Stephani W. Humrickhouse*
_____
**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

---

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### RALEIGH DIVISION

**IN RE:**

| | |
|---|---|
| **BILAL KHALEEL ABDALQADER,** | **CASE NO. 12–03661–8–SWH**<br>**CHAPTER 7** |
| **DEBTOR.** | |

| | |
|---|---|
| **SUNTRUST BANK,** | **ADVERSARY PROCEEDING NO.**<br>**12–00163–8–SWH** |
| **PLAINTIFF,** | |
| **v.** | |
| **BILAL KHALEEL ABDALQADER, ANY SPOUSE OF BILAL KHALEEL ABDALQADER, TRUSTEE SERVICES OF CAROLINA, LLC, SUBSTITUTE TRUSTEE,** | |
| **DEFENDANTS.** | |

## ORDER ALLOWING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter came before the court on the motion for summary judgment filed in this adversary proceeding by plaintiff SunTrust Bank ("SunTrust"), which was opposed by the defendant, Bilal Khaleel AbdalQader, the debtor in the underlying chapter 13 case. A hearing on the matter was

held on July 25, 2013, in Raleigh, North Carolina.  The parties were extended the opportunity to file

supplemental memoranda and additional case authority through August 2, 2013, which both parties

elected to do.  The court then determined that the matter before it could not be resolved without

additional briefing on a threshold question of law: whether the deed of trust is valid, even without

the reformation SunTrust seeks.  The parties submitted briefs on that issue on September 9, 2013,

and the matter is now ripe for disposition.

## BACKGROUND

On October 19, 2005, the defendant acquired real property located at 303 A Street and 1401

North George Street, Goldsboro, North Carolina (the "real property") by general warranty deed from

Malik Ahmad Abd Asaad.  On April 7, 2008, the defendant executed a promissory note in favor of

SunTrust in the original principal amount of $74,976.00 (the "promissory note"), which was secured

by a deed of trust on the real property (the "deed of trust").  The defendant acknowledges that he

owed the debt, and that he did, in fact, execute the deed of trust.  Answer to Amended Compl. ¶ 18.

However, the notary's acknowledgment of the defendant's execution left blank the space where the

name of the defendant, as the person executing the deed of trust, should have been written.  The

notarial acknowledgment otherwise is correct and complete, and SunTrust characterizes omission

of the defendant's name in the acknowledgment as "an inadvertent error of the draftsman."  Affidavit

of James Hunley in Support of SunTrust Mot. for Sum. J. at ¶ 6.  The deed of trust was accepted by

the clerk of court and recorded on May 2, 2008, in the Wayne County Registry in Book 2622 at

Page 206.  Id. ¶ 8.

The defendant went into default on the note, and has made no payments since the period

ending September 6, 2009.  The defendant filed a petition under chapter 7 on October 21, 2009, and

2

received a discharge in that case on October 19, 2010.  Neither the trustee nor the defendant sought

to avoid the SunTrust lien, and the defendant did not oppose SunTrust's scheduled secured claim

of $78,211.72, which was allowed.  The defendant/debtor also did not oppose SunTrust's motion

for relief from the automatic stay in order to foreclose on the property, which also was allowed in

an order filed on June 9, 2010.  The trustee subsequently filed a form objection to the claim on

January 31, 2011, on the following grounds, and with this proposed treatment:

> Creditor has filed secured claim for collateral not liquidated by the Bankruptcy
> Trustee.  Upon information and belief, the collateral was surrendered to secured
> creditor for liquidation.  Secured creditor is given 30 days from the date of this
> objection to complete liquidation of its collateral and file unsecured deficiency claim
> with the Bankruptcy Court failing which claim is denied in full for distribution
> purposes in this bankruptcy proceeding.

The form objection was allowed with a form order, reiterating the stated grounds and treatment.

Order Allowing Objections to Claim, Case No. 9-9176-8-SWH (March 16, 2011).

SunTrust then pursued foreclosure.  On May 27, 2011, SunTrust instituted a civil action

against the defendant[1] in the Superior Court of Wayne County, North Carolina, seeking reformation

of the deed and a judicial foreclosure.  On July 28, 2011, no answer having been filed, the Clerk of

Superior Court for Wayne County executed an Entry of Default.

On March 18, 2012, the defendant filed a petition under chapter 13, along with a Notice of

Removal of the state court action, resulting in an adversary proceeding (the "first AP").  That

chapter 13 case was dismissed on May 3, 2012.  The defendant then filed a second chapter 13 case

on May 14, 2012, along with a notice of removal that resulted in commencement of this adversary

_____

[1] SunTrust states in its memorandum that it brought that action against "the defendants," by
which the court presumes it means the same defendants named in this proceeding: The debtor Bilal
Khaleel AbdalQader, as well as "any spouse" of the debtor, and Trustee Services of Carolina, LLC,
Substitute Trustee.  For simplicity's sake, the court will in this order refer simply to "the defendant."

proceeding (the "second AP"). The first AP was dismissed on July 27, 2012. On September 21, 2012, SunTrust filed its amended complaint in this, the second AP, still seeking reformation of the deed of trust and judicial foreclosure.

### STANDARD OF REVIEW

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, made applicable to bankruptcy proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure, "summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In making this determination, all conflicts are resolved by viewing all facts, and inferences to be drawn from those facts, in the light most favorable to the non–moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam). Summary judgment is appropriate and allowed where "the moving party has established his right to a judgment with such clarity as to leave no room for controversy." Portis v. Folk Constr. Co., 694 F.2d 520, 522 (8th Cir. 1982) (citations omitted).

### DISCUSSION

In the motion for summary judgment, SunTrust sought reformation and correction of the deed of trust to bring it "into harmony with the true intention of the parties." SunTrust Mot. for Sum. J. at 1. After the hearing on that motion, SunTrust clarified its position with regard to the current validity of the deed of trust; while it still seeks to reform the deed of trust to the extent that the notarial acknowledgment needs correction, it also contends that the deed of trust is valid "as is," and that SunTrust has, and at all relevant times has had, a valid and enforceable lien.

4

In response and opposition, the debtor maintains that the deed of trust lien against the property was "not perfected on the Petition date for the Plaintiff's Chapter 7 case. The debt owed by Defendant to Plaintiff was discharged in that case. There is, therefore, no debt owed to the Plaintiff through which it may obtain a reformation of its security interest in the property of the Debtor's current bankruptcy estate." Defendant's Resp. in Opp. to Plaintiff's Mot. for Sum. J. at 2. The defendant acknowledged during the hearing that the defect in the notarial acknowledgment (hereinafter, "the omission") can fairly be characterized as a draftsman's error. He also "agrees that, were it not for the debtor's intervening bankruptcy filing, the plaintiff would likely be allowed to reform the deed of trust acknowledgment to conform to the intent of the parties." Defendant's [Supp.] Mem of Law in Opp. to SunTrust Bank's Mot. for Sum. J. at 8."

The court notes that this matter, stretching back as it does to the defendant's chapter 7 filing in 2009, is replete with missed opportunities for both sides to address and resolve the issues at hand. Applying a bird's eye view to these accreting issues today, the court's focus includes: 1) whether the deed of trust is invalid, under North Carolina state law, due solely to omission of the defendant's name in the notarial acknowledgment, such that SunTrust may not enforce its lien without reformation; and, if reformation is necessary, 2) whether, by reason of the defendant's chapter 7 bankruptcy, which discharged the defendant's personal liability on the debt, there is no debt owing to SunTrust through which it may seek reformation; and 3) whether the defendant's discharge in the chapter 7 case, in which either the trustee or the debtor *could* have sought to avoid the lien pursuant to § 544(a), precludes SunTrust from seeking reformation now.

Unfortunately, in that chapter 7 bankruptcy case, these issues were not addressed: SunTrust did not seek to reform the deed of trust, and neither the debtor nor the trustee sought to avoid it.

5

SunTrust has twice had in hand court orders allowing it to proceed with foreclosure, but for reasons of which this court is unaware, it did not expeditiously act on those opportunities. The defendant, too, failed to oppose SunTrust's motion to lift the automatic stay in the original chapter 7 case, and then evidently ignored the state court proceeding, resulting in entry of the default judgment allowing judicial foreclosure. Pending in this chapter 13 case is SunTrust's most recent motion to lift the automatic stay, to which the defendant/debtor did, this time, file a timely response. In other words, while SunTrust's motion for summary judgment is simple enough on its face, the motion cannot help but serve as a catch-up and catch-all forum for both sides to determine the validity of the lien with finality, and put the matter to rest.[2]

## 1.      Significance of the Omission in the Notarial Acknowledgment

The court turns first to the threshold question of law, which it resolves with reference to North Carolina state law; specifically, whether the inadvertent omission of the grantor's name in the notarial acknowledgment to the deed of trust rendered the deed of trust invalid, such that the debt to SunTrust is unsecured. By way of factual review, the court notes again that there is no dispute with regard to the defendant's execution of the deed of trust, *or his acknowledgment of his execution of the deed of trust*. There likewise were no procedural irregularities with the notary's process in completing the acknowledgment, except for one: the notary failed to write Mr. Abdalqader's name

---

[2] The court's requests for additional briefing by the parties reflects the court's reluctance to go too far afield in forecasting a North Carolina state court's interpretation of its statutes and case law, without having the specific basis for that interpretation squarely before it.

On a related note, questions do come to mind as to whether the court's analysis of North Carolina law as to notarial acknowledgments could potentially have been avoided based on grounds of collateral estoppel. The factual history of this case (in particular, the court's granting of relief from the stay in the chapter 7 case without objection from the defendant, which, one might argue, includes a finding of validity with regard to the security interest) could support arguments based on that topic. The parties, however, have not advanced arguments on that basis.

on the standard "Acknowledgments" form being used by SunTrust, identifying him as the person who had just acknowledged his voluntary signature on the "foregoing document"; *i.e.*, the deed of trust. After review of North Carolina case law and the statutory provisions pertaining to notarial acts, including the execution of an acknowledgment, a certification, or a jurat, the court concludes that the deed of trust is not invalid by reason of that omission in the notarial acknowledgment.

### A.    North Carolina Statutory Provisions

The defendant "dispute[s] that the Deed of Trust is valid due solely to the failure of the Notary to indicate the name of the affiant in the Notary Block of the Acknowledgment on the Deed of Trust." Def.'s Mem. of Law in Opp. at 3 (citing Def.'s Answer to Amended Comp.). The defendant concedes that recent amendments to the Notary Public Act could have automatically validated the acknowledgment, but points out that the catch-all savings provision applies only to acknowledgments performed before December 1, 2005. "Fortunately for the defendant, the notarial acknowledgment at issue in this case was performed on April 7, 2008, such that [it] is not automatically validated." Id. at 6. Under applicable statutory provisions, the defendant argues, the deed of trust is invalid.

The rules and requirements applicable to notaries are set out in the "Notary Public Act," codified in Chapter 10B of the North Carolina General Statutes. A notarial "acknowledgment," which is what is at issue here, is defined as follows:

> Acknowledgment. - A notarial act in which a notary certifies that at a single time and place all of the following occurred:
> a.    An individual appeared in person before the notary and presented a record.
> b.    The individual was personally known to the notary or identified by the notary through satisfactory evidence.
> c.    The individual did either of the following:

7

      i.      Indicated to the notary that the signature on the record was the individual's signature.

      ii.     Signed the record while in the physical presence of the notary and while being personally observed signing the record by the notary.

N.C. Gen. Stat. § 10B-3(1).  A form that captures all these elements is set out in § 10B-41(b), but its use is not required, and the statute also provides that substantial compliance with the form "shall be sufficient."

As the defendant points out, similar requirements are set out for a notarial certificate for an oath or affirmation (as distinguished from an acknowledgment), but as to *these*, there also is an additional provision: "The name of the principal may be omitted if the name of the principal is located near the jurat, and the principal who so appeared before the notary is clear from the record itself."  N.C. Gen. Stat. § 10B-43(d)(1).  This provision is not included with respect to an "Acknowledgment."[3]  There are, unfortunately, no enlightening official comments, or historical or statutory notes, to either provision.  This court will refrain from theorizing with respect to the significance of this language being included in one provision, and not in multiple, similar others.

SunTrust, in turn, points to other, more expansive provisions in the statutes, such as the stipulation that "[t]echnical defects, errors, or omissions in a notarial certificate shall not affect the sufficiency, validity, or enforceability of the notarial certificate or the related instrument or document."  N.C. Gen. Stat. § 10B-68(a).   The statute provides further:

c.      As used in this section, a technical defect includes those cured under G.S. 10B-37(f) and G.S. 10B-67.  Other technical defects include, but are not limited to, the absence of the legible appearance of the notary's name exactly

---

[3]  In this instance, SunTrust's deed of trust appended an "Acknowledgment" form, which is of substantially similar content to the form used for an "Oath" or "Affirmation."  The difference is that an acknowledgment confirms an individual's signature, while an oath or affirmation confirms the individual's vow of truthfulness.  See N.C. § Gen. Stat. § 47-37.1.

> as shown on the notary's commission as required in G.S. 10B-20(b), the affixation of the notary's seal near the signature of the principal or subscribing witness rather than near the notary's signature, minor typographical mistakes in the spelling of the principal's name, the failure to acknowledge the principal's name exactly as signed by including or omitting initials, or the failure to specify the principal's title or office, if any.

N.C. Gen. Stat. § 10B-68(c). Suntrust emphasizes that while this provision lists examples, it also specifically clarifies that the examples given are not exclusive; the defendant agrees with that, but points out that the examples given all include errors or omissions *in the principal's name as written* – the "technical defect" language does not speak, one way or another, to the omission of the principal's name in its entirety. With that statutory framework and focus in mind, the court turns to the North Carolina courts' construction of the notarial act provisions, in the context of deeds of trust.

### B.      North Carolina Case Law

With regard to notarial acknowledgments, it has long been established in this state that courts

> strongly advocate a liberal interpretation of the statutes, in order that acknowledgments may be upheld whenever there has been a substantial compliance with the law and no suspicion of fraud or unfairness attaches to the transaction. . . . Acknowledgments also are aided by the presumption that public officers do their duty, and in further support of the officer's certificate resort may be had to the instrument acknowledged. (Quotations and citation omitted.) The courts uniformly give to certificates of acknowledgment a liberal construction, in order to sustain them if the substance be found, and the statute has been substantially observed and followed.

Freeman v. Morrison, 199 S.E. 12, 14 (N.C. 1938) (citations omitted); see also In the Matter of Hess, 407 S.E.2d 594, 595 (N.C. App. 1991) (quoting Freeman). This court notes that courts in some other states take a wholly opposite approach, but those cases, of course, are not controlling; what matters is North Carolina's stance on the question. See In re Biggs, 377 F.3d 515 (6th Cir. 2004) (chapter 7 trustee could avoid deed of trust under § 544 on grounds that the names of people appearing before

9

the notary were omitted from acknowledgment); <u>Mortgage Elec. Reg'n Sys., Inc. v. Agin</u>, 2009 WL 3834002 (D. Mass. 2009) (affirming bankruptcy court's order allowing chapter 7 trustee to avoid deed of trust under § 544, where debtor's name was omitted from the acknowledgment to a deed of trust, because bankruptcy court correctly "concluded that Massachusetts requires strict formalities in the execution of acknowledgments").

North Carolina courts have emphasized, quite clearly, that they take a different view.  In <u>Freeman</u>, the court set out the statutory elements of a fully compliant notarial acknowledgment (in this case, at issue was a real property lease).  Included among them was the name of the grantor. However, those elements notwithstanding, the acknowledgment the <u>Freeman</u> court found sufficient *did not include the name of the grantor*.  Finding that the lease and notarial acknowledgment were, nonetheless, in substantial compliance with the statute, the court explained:

> An examination of the lease and acknowledgment in the instant case, when taken together, clearly reveals each of these facts, with the possible exception of the fact of the personal appearance of the lessor before the notary.  As to this item, it does not affirmatively appear that the lessor did not come before the notary; the contrary is clearly implied in the statement that he "acknowledged" the lease before the notary. The factual possibility of this assumption is strengthened by the realization that the word "acknowledge," as used with respect to the execution of instruments, is a "shorthand" expression descriptive of the act of personal appearance before a proper officer and there stating to him the fact of the execution of the instrument as a voluntary act.

<u>Freeman</u>, 199 S.E. at 14.  Thus, the court took pains to differentiate between the record being acknowledged (the lease), and the acknowledgment itself; and, further, to explain how the presumption of regularity attached to a notarization can ensure that a flawed acknowledgment does not work to the detriment of an otherwise properly executed instrument or record.  <u>See also</u> <u>Banks v. Shaw</u>, 41 S.E.2d 281, 281 (N.C. 1947) (despite omission of husband's name from notarial

10

acknowledgment, when both husband and wife were grantors, court held that it "appears that the deed of trust was properly executed and acknowledged"); Lawson v. Lawson, 362 S.E.2d 269, 272 (N.C. 1987) (discussing continuing precedential value of Banks).

More recently, the Court of Appeals of North Carolina also rejected the notion that a faulty notarization rendered a deed of trust invalid. Honacher v. Everson, 656 S.E.2d 736, 2008 WL 434584 (N.C. App. 2008) (unpublished disposition). In Honacher, the defendants obtained a loan from Carolina Farm Credit bank ("the bank"), secured by a deed of trust on real property. Before the transaction was finalized, the defendants moved to a different state. The bank's loan officer, a notary who knew the defendants, mailed the promissory note and deed of trust to them. The defendants confirmed to the loan officer by telephone that they had signed the documents, and mailed them back. The officer then notarized the documents, "despite the fact that he had not actually observed defendants signing them." Id. at *1.

At approximately the same time, an action was filed against the defendants by the plaintiffs, alleging that defendants breached a contract to sell the property to them. After a jury trial, the court ordered the defendants to sell the property to the plaintiffs. The defendants then claimed that the deed of trust and promissory note were invalid. The bank intervened, and the trial court held a bench trial "on the validity of the promissory notes and the deed of trust." Id. Defendants failed to appear, and the court held the note and deed of trust enforceable. The court of appeals affirmed.

The appellate court found no fault with the trial court's acceptance of the loan officer's testimony that while he had failed to observe the defendants' act of signing, even though his notarial statement said, falsely, that he had, the loan officer's testimony to the effect that he had confirmed the signatures as those of the defendants over the phone was plausible, such that the deed of trust

11

was, in fact, acknowledged.  The court thus agreed that the notarization was "faulty," but specifically "reject[ed] defendants' argument that the faulty notarization rendered the deed of trust ineffective." Id. at *3.

Thus, it is apparent that North Carolina courts would not find a properly executed and recorded deed of trust invalid based solely on the omission of the grantor's name from the notary's otherwise compliant acknowledgment.  In light of the clear statutory directive that technical defects, errors, and omissions in an acknowledgment do not, of themselves, render invalid the instrument to which they pertain, and given that the North Carolina courts apply a "liberal" view in assessing the significance and materiality of omissions in acknowledgments very similar to the one at issue in this case, the court concludes that the omission of Mr. Abdalqader's name in the notarial acknowledgment to the deed of trust does not affect the validity of the deed of trust.

## 2.    Effect of Chapter 7 Discharge and Possible Operation of § 544(a)(1)

The defendant also argued that to the extent the deed of trust was, at the time the chapter 7 petition was filed, invalid by reason of the defective acknowledgment, § 544(a)(1) "prevents the plaintiff from being able to obtain that reformation at this point."  Def.'s Mem. of Law in Opp. to Mot. for Sum. J. at 8.  The court having determined that the deed of trust is now and at all relevant times was valid, there is no basis upon which to discuss the application of § 544(a)(1).

## CONCLUSION

Based on the foregoing, the plaintiff's motion for summary judgment is **ALLOWED.**   In light of the court's determination that the deed of trust is valid, reformation of the notarial acknowledgment is not necessary; however, to bring full closure to this matter and in light of commercial realities which would make correction of the acknowledgment desirable, the court

hereby stipulates that SunTrust is entitled to proceed with correction of the notarial acknowledgment if it so chooses.

**SO ORDERED.**

**END OF DOCUMENT**